UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADLEY HENLEY, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7290** |
| **OCCIDENTAL FIRE AND CASUALTY INSURANCE COMPANY OF NORTH CAROLINA** | **SECTION: "G"(5)** |

## ORDER

This litigation involves a dispute over insurance proceeds for damages allegedly sustained to Plaintiffs Bradley Henley and Shelby Rosenblum's (collectively, "Plaintiffs") property during a hail and windstorm on September 15, 2022.[1] On November 22, 2023, Plaintiffs filed suit against their property insurer Defendant Occidental Fire & Casualty Company of North Carolina ("Defendant") in the 22nd Judicial District Court for the Parish of St. Tammany.[2] On December 13, 2023, Defendant removed the case to this Court.[3]

On April 25, 2024, Defendant filed the instant Motion to Compel Appraisal and Stay Litigation Pending Completion of Appraisal.[4] Defendant notes that it has invoked appraisal under the terms of the insurance policy, but since invoking appraisal no appraiser has been named on Plaintiff's behalf.[5] Defendant noticed the motion for submission on May 15, 2024. Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight (8) days before the noticed

---

[1] Rec. Doc. 1-1.

[2] *Id.* Defendant was incorrectly named as Occidental Fire and Casualty Insurance Company of North Carolina.

[3] Rec. Doc. 1.

[4] Rec. Doc. 11.

[5] Rec. Doc. 11-1 at 2.

1

submission date. Accordingly, any opposition to the pending motion was due no later than May 7, 2024. Plaintiffs have not filed any opposition to the motion, and therefore Defendant's motion is deemed to be unopposed.

Courts have consistently held that appraisal provisions in insurance policies are valid and enforceable under Louisiana law.[6] Such provisions, however, do not deprive a court of jurisdiction over the matter.[7] A district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[8] District courts frequently stay litigation pending completion of the appraisal process.[9] Therefore, the Court grants Defendant's unopposed motion and stays this litigation pending completion of the appraisal process. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Appraisal and Stay Litigation Pending Completion of Appraisal[10] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED** pending the parties' completion of an appraisal.

---

[6] *See, e.g., Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 287 (5th Cir. 2009); *St. Charles Parish Hosp. Service Dist. No. 1 v. United Fire and Cas. Co.*, 681 F. Supp. 2d 748, 753 (E.D. La. 2010) (Vance, J.); *Newman v. Lexington Ins. Co.*, No. 06-4668, 2007 WL 1063578, at *2 (E.D. La. Apr. 4, 2007) (Africk, J.); *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 86-2267, 1988 WL 32938, at *8 (E.D. La. Apr. 6, 1988) (Wicker, J.); *Branch v. Springfield Fire & Marine Ins. Co. of Springfield, Mass.*, 4 So. 2d 806, 727 (La. 1941); *Girad v. Atlantic Mut. Ins. Co.*, 198 So. 2d 444, 445–47 (La. Ct. App. 1967).

[7] *St. Charles Parish Hosp.*, 681 F. Supp. 2d at 753; *Newman*, 2007 WL 1063578, at *2; *Fourchon Docks*, 1988 WL 32938, at *8; *Girad*, 198 So. 2d at 446.

[8] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[9] *Beasley v. GeoVera Specialty Ins. Co.*, No. 13-395, 2013 WL 3187289, at *4 (E.D. La. June 20, 2013) (finding that the insurer's "nine-day delay before invoking the appraisal provision was reasonable") (Fallon, J.); *Newman*, 2007 WL 1063578, at *4.

[10] Rec. Doc. 11.

**IT IS FURTHER ORDERED** that the parties shall file a motion to lift the stay and reopen the case, if necessary, within 30 days of completion of the appraisal process

**NEW ORLEANS, LOUISIANA**, this \_\_\_21st\_\_\_ day of May, 2024.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**